**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MITCHELL TATMON, | No. 11-16671 |
| Petitioner - Appellant, | D.C. No. 3:09-cv-00094-WHA |
| v. | |
| JOHN W. HAVILAND, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted January 15, 2013[**]
San Francisco, California

Before: WALLACE, FARRIS, and BYBEE, Circuit Judges.

Defendant Mitchell Tatmon appeals from the district court's denial of his

habeas corpus petition, in which he argued that the prosecutor committed

prosecutorial misconduct by stating three times in his opening argument that he

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

could talk about "only one" prior criminal incident. The facts of the case are known to the parties. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

We review a district court's denial of a habeas petition de novo, under the standards set forth in AEDPA. *Tak Sun Tan v. Runnels*, 413 F.3d 1101, 1111 (9th Cir. 2005). Thus, we may grant habeas relief only if the last reasoned decision of the state court is "(1) 'contrary to' or an 'unreasonable application of[ ] clearly established Federal Law, as determined by the Supreme Court of the United States,' or (2) based on an 'unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Id.* (quoting 28 U.S.C. § 2254(d)(1), (2)). In analyzing a claim of prosecutorial misconduct, the Supreme Court asks (1) "whether the prosecutor's remarks were improper," and (2) "whether the prosecutor['s] comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id.* at 1112 (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)).

Tatmon argues that the prosecutor's references to "only one" crime were improper because they implied that Tatmon was involved in multiple prior crimes, and the prosecutor was only permitted to introduce evidence of one prior incident. Even if the prosecutor's comments were improper, an issue we do not reach,

Tatmon's claim must fail because the comments did not infect the trial with unfairness. *See id.*

The prosecutor's comments were not prominent in the context of the entire trial, particularly since they were only made during opening argument. *See Darden*, 477 U.S. at 182; *see also Donnelly v. DeChristoforo*, 416 U.S. 637, 645–47 (1974). Defense counsel also had an adequate opportunity to rebut the comments. *Darden*, 477 U.S. at 182. Furthermore, although the trial court declined to give the specific curative instruction that defense counsel sought, the court did give instructions explaining that attorneys' statements do not constitute evidence and that evidence of a prior offense could only come in for the limited purpose of proving motive, common design or plan, or intent. *See id.* at 181–82; *see also Bruton v. United States*, 391 U.S. 123, 135 (1968). Finally, the weight of the evidence presented at trial was clearly against Tatmon. *See Darden*, 477 U.S. at 181–82. In sum, there was not a "reasonable probability of a different result," *Hein*, 601 F.3d at 915 (internal quotation marks omitted), and the state court's holding was not in violation of AEDPA.

AFFIRMED.